IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHERRI RAHMANI,                              No   C-04-3313 VRW

       Plaintiff,                         ORDER

       v

NEIMAN MARCUS GROUP, INC,

       Defendant.
_____/

       The motion for summary judgment filed by defendant Neiman Marcus Group, Inc (NMG), Doc #26, is currently under submission with the court.  The court requests supplemental briefing in connection with plaintiff Sherri Rahmani's claim for employment discrimination under the California Fair Employment and Housing Act (FEHA), Cal Gov't Code § 12940 et seq.  Briefing should address the following issues:

       First, it is doubtful that the current record, as briefed, adequately supports Rahmani's assertion that she was singled out for discipline in the areas of punctuality and

attendance. For example, without scheduled start times for employees who Rahmani claims were also regularly tardy or absent, it is not sufficiently clear from the record that Rahmani was singled out for discipline in this area. Accordingly, briefing should address whether Rahmani was singled out for discipline in the areas of punctuality and attendance.

Second, the record is ambiguous whether similarly situated, non-Middle Eastern sales associates in Rahmani's department were treated more favorably than Rahmani in terms of meeting NMG's Sales Productivity Standard (SPS). The court is inclined to overrule NMG's objection to the admissibility of SPS tracking forms for Susan Kawashima, Mia Admana and Lynda Lovell. On the other hand, the court is inclined to sustain NMG's objection to paragraph 11 of Rahmani's declaration, Doc #40, inasmuch as Rahmani's declaration fails to lay a foundation for her personal knowledge of the ethnicity of co-workers who, according to Rahmani, "missed their goals more often than I and yet were not terminated." Accordingly, briefing should address whether there is any additional evidence in the record to support the fourth element of Rahmani's prima facie case and, if not, whether this evidentiary insufficiency could be cured by allowing Rahmani to submit a supplemental declaration.

Finally, the record is unclear regarding precisely whether and how NMG applied the $700,000/year exception to SPS in the prospective manner contended by Rahmani. For example, if the exception was applied prospectively, how did NMG calculate whether a sales associate was "on track" or "trending to" sell the minimum annual threshold? And even assuming that the exception was applied

to Rahmani in a manner different from her colleagues (Kawashima, Admana and Lovell), is there not a legitimate explanation for this, such as that Rahmani was already on probation before the exception was implemented in September 2003?

In addition to shedding light on portions of the current record that bear on the foregoing issues, briefing should address whether further discovery might be fruitful. Any proposal for further discovery, however, shall describe precisely the scope of such discovery and why it is reasonably likely to cure the above-described deficiencies of the current record.

Rahmani's brief shall be filed on or before April 7, 2006, and shall not exceed fifteen pages. NMG's reply brief, if any, shall be filed on or before April 14, 2006, and shall not exceed ten pages.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge